HOLLINGSWORTH v. JOHNS & COMPANY et al.

1. Ordinary mortgages are not assignments. An insolvent partnership does not make an assignment by executing and delivering to several of its creditors mortgages upon all its assets, bearing the same date, all executed and recorded at the same time, and each referring to the others and providing that all should be of the same rank and dignity. Such mortgages, if fair and honest in fact, are not fraudulent in law, nor otherwise invalid, although there be other creditors of the partnership who are wholly unsecured.
2. There is no cause of action set forth in the petition, as against the defendants thereto who demurred. The demurrer was properly sustained as to them; but this did not warrant the court in dismissing the petition as to any of the defendants who did not demur and who, so far as appears, made no resistance to the action.
                    *Judgment reversed, with direction.*
April 17, 1893. Argued at the last term.

Equitable petition.    Before Judge MILLER.    Bibb superior court.    April term, 1892.

To the dismissal of his petition Hollingsworth excepted upon the grounds, that the allegations showed that the mortgages attacked amounted to a voluntary assignment by insolvent debtors for the benefit of creditors, and the assignment not being executed in accordance with law should be set aside; and that petitioner was entitled to a general judgment against Johns & Company, and the petition containing a prayer therefor, the court had no authority to dismiss it.    The allegations are :    Johns & Company, a firm composed of G. I. Johns and C. M. Wood, owe petitioner, individually and as agent for Mrs. M. H. Hollingsworth, $7,425, by virtue of certain rent contracts made by Johns & Company with petitioner and Mrs. Hollingsworth, copies of which are attached, of which sum there is now due and unpaid $475.    Johns & Company were engaged in business in the buildings of petitioner and Mrs. Hollingsworth, for the rent of which the rent notes and rent contracts were given, up to April 1, 1892.    On December 30, 1891, Johns made and delivered to Hudgins a note and mortgage for $2,000, to Fleetwood & Company a note and mortgage for $1,500, to Lizzie Wood a note and mortgage for $1,775, to Mrs. Sarah Wood a note and mortgage for $1,300, and to Mrs A. R. Thornton a note and mortgage for $720.    All the mortgages were executed and delivered at the same time, drawn by the same attorney, attested by the same witnesses, and covered the same property; and each of the mortgages referred in terms to the others, and provided that all of the mortgages should be of the same rank and dignity, and all were recorded at the same time.    Johns & Company incumbered by the mortgages all the property held, owned or claimed by the firm, consisting of wines, liquors, etc., and each and every article owned by the firm in the

business, with the proviso in each mortgage that it was intended to include each and every piece of property held, owned or claimed by the firm.  Some of the mortgages were foreclosed and plaintiff seized the property, but before he sold the same a petition was filed by C. M. Wood, a member of said firm, defendant, praying for an accounting, and a consent order was taken appointing a receiver of the property, and the receiver is now endeavoring to sell it under said order.  At the time of the execution of all these mortgages Johns & Company were insolvent, and the mortgages executed as before mentioned should be considered in law as one instrument; their execution upon the entire assets of the firm was a case of voluntary assignment by insolvent debtors for the benefit of creditors, and as such the mortgages were void, because Johns & Company at the time of executing them did not prepare and attach to them any schedule and inventory of the assets of the firm, nor any schedule of its creditors, as required by law.  The mortgages are void as an assignment, and are void as preferences to said alleged creditors.  Johns & Company are indebted to various persons in large amounts not secured, and it would be inequitable and unjust to allow the mortgages, fraudulent as they are in law, to absorb the entire assets of the firm without prorating among the other creditors.  The prayer is, that the receiver be enjoined from selling the property under the consent order, to which petitioner was not a party; that the mortgages be produced and declared null and void; that a receiver be appointed to take charge of the property and sell it; that the fund arising from such sale be equally and ratably distributed among such *bona fide* creditors as may become parties to this petition, etc. By amendment it is alleged, that Johns & Company are indebted to petitioner certain sums on notes attached, which are due and unpaid.  He prays for general judg-

ment against Johns & Company and the individual members of the firm for said amounts. Process is prayed against Johns & Company, the mortgagees and the receiver; but there is no prayer for process against the individual members of the firm of Johns & Company.

Fleetwood & Company and Miss Wood demurred on the following grounds: (1) The petition does not make such a case as entitles petitioner to equitable relief or to any standing in a court of equity. (2) The petition shows that the property is now in the hands of a court of equity, under a proceeding between proper parties to give the court jurisdiction, and if petitioner is entitled to any relief he can obtain it by intervention in the case now pending, in which a receiver had been appointed for all persons interested in the assets of the late firm of Johns & Company. (3) It is not according to the course and practice of a court of equitable jurisdiction to enjoin a receiver in one case under a petition for a receiver in another. (4) The receiver already appointed can only be reached or moved by an application to the court appointing him, by a party to the proceeding in which he was appointed, or by some person becoming a party to such proceeding for the purpose of addressing a petition to the chancellor, whose officer he is. (5) A receiver cannot be sued without permission of the court which appointed him, previously granted, and it does not appear that permission was granted petitioner to bring his suit. (6) The allegations of the petition do not show a voluntary assignment for the benefit of creditors, but on the contrary expressly negative the possibility of the instruments referred to constituting an assignment, by stating that said instruments are mortgages; a mortgage being only a lien and not a transfer of title, as is an assignment. (7) Charles M. Wood, the plaintiff whose suit is sought to be enjoined, is not made a party defendant to the petition or brought before the

court. (8) G. I. Johns and C. M. Wood, the divers suitors and antagonistic parties plaintiff and defendant in the original suit of C. M. Wood against G. I. Johns, are sought to be dealt with as an individual entity, or as making together one person under the fictitious name of G. I. Johns & Co., so as to deprive each one of the rights he is entitled to as an individual and as a party.

ROBERT HODGES and ROLAND ELLIS, for plaintiff.

BLOUNT & GRACE, DESSAU & BARTLETT and STEED & WIMBERLY, for defendants.